Bloom Law PLLC
3827-C South Edmunds St.
Seattle, WA  98118
206-323-0409

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON (RICHLAND)

| | |
|---|---|
| JOSE HERNANDEZ, an individual<br><br>               Plaintiff,<br><br>  vs.<br><br>PASCO SCHOOL DISTRICT NO. 1, a municipal school district, and MICHELLE WHITNEY, an individual, and her marital community.<br><br>              Defendants. | CASE NO.:<br><br>COMPLAINT FOR DAMAGES<br><br>**JURY DEMAND REQUESTED** |

## 1.     NATURE OF THE CASE

1.1.    Jose Hernandez brings this claim because the Pasco School District ("PSD") has repeatedly betrayed its promises to provide all employees a safe environment free from harassment, intimidation, or bullying and prohibit retaliation.[1]

---

[1] E.g., PSD Policy 3207.

1.2.    Throughout his exemplary nine-year tenure as District Transportation Director from 2012 to 2021, numerous District employees and supervisors subjected Jose Hernandez to a racially hostile work environment, including racist slurs and hateful statements such as: (1) "wetback," (2) "spic," (3) "beaner," (4) "go back to Mexico," (5) "fucking Mexican," (6) notes slid under Mr.



*Jose Hernandez, former Pasco School District Transportation Director.*

Hernandez's door with racist slurs and "speak English" written on them; (7) "I can't believe we have a Mexican for a Director," (8) "whites are leaving because Mexicans are moving into Pasco," (9) "Mexicans—like Mr. Hernandez—will steal the bus's hubcaps," (10) "Mr. Hernandez will make everyone speak Spanish," (11) "Mexicans are stupid and lazy," (12) "this is America, speak English," (13) "*you people*," used in a derogatory manner referring to Mexican Americans, (14) flyers containing anti-Spanish language slogans like "we are America – English," (15) employees using his picture as a dartboard target, and (16) offensive graffiti like "Jose H. Little Dick" on school grounds shared on employees' social media pages:



*Photographs showing examples of harassing conduct.*

BLOOM LAW PLLC
3827-C South Edmunds St.
Seattle, Washington 98118-1729
(206) 323-0409

1.3.    From 2012 to 2021, Mr. Hernandez regularly and repeatedly reported this ongoing racial harassment towards him and other Latino employees to senior District leaders, including in this email where he described being called a "F**ing Mexican":

> As I have shared with you during several conversations regarding racial issues I have had to endure since 2012 for example:
>
> - Being referred to as a F***ing Mexican
> - Being told to go back to Mexico
> - Shared concerns of how other Hispanic staff are being treated
> - Flyers of Spanish Camp with someone writing "This is a America, speak English"
> - Racial comments from our custodian which an investigation was facilitated and concluded however I was never spoken too
> - Tagging which consisted of 4 areas specifically directed at me by name, of which resulted in a climate committee & survey being distributed which as you read the comments demonstrates the issues drivers have with my ethnicity
> - The actions of several drivers attending a board meeting and making several inaccurate statements directly targeted at me, again no action other than another climate committee being put together.
>
> I have many more examples I can share and provide that demonstrates the hostile work environment I have had to tolerate and work within since 2012.  Today I came back from

*Excerpt of Jose's 2019 email to District Executive Director Steve Story & Superintendent Michelle Whitney.*

1.4.    But rather than protecting its employees as the law requires, District leadership failed to act, playing the proverbial ostrich. For example, Mr. Hernandez reported to his supervisor that District employees slid anonymous notes under his office door with remarks such as "Wetback," and "Spic"—but PSD never investigated or took any action.  Additionally, when Hernandez reported harassment to an Assistant Superintendent in writing in 2021, the District never responded, much less investigated.

1.5.    The District's inaction allowed the racial abuse to continue with impunity for nearly a decade.  For example, in 2016 alone, 27 Transportation Department employees reported being discriminated against based on race and 39 reported being

BLOOM LAW PLLC
3827-C South Edmunds St.
Seattle, Washington 98118-1729
(206) 323-0409

harassed—but PSD never investigated or took any remedial action based on those allegations.

> **2. Do you feel in any way discriminated against on your job because of your race or ethnic origin?**                 Agree <u>27</u>        Disagree <u>69</u>
>
> 3. Do you feel in any way discriminated against on your job because of your gender?
>                                                          Agree <u>10</u>        Disagree <u>85</u>
>
> **4. In the last 12 months, were you threatened or harassed in any other way by anyone while you were on the job?**          Agree <u>39</u>        Disagree <u>55</u>

*Excerpt from District's 2016 assessment of racial issues in PSD's Transportation Department.*

1.6.     The working conditions were intolerable. And so Mr. Hernandez became even more vocal—speaking out strongly against racial intolerance and calling for action.

1.7.     Despite Mr. Hernandez's record as a high-performing employee with uniformly positive performance reviews, the District's response was negative. District leadership began a campaign to silence him. Eventually, in December 2021—only a month after Mr. Hernandez asked to speak to the School Board regarding the continued hostile work environment—PSD placed him on leave.

1.8.     The retaliation was obvious. Assistant Superintendent Raul Sital warned Mr. Hernandez that the "District's actions [were] retaliatory." Further, Superintendent Whitney eventually told District Executive Director Omar Escalera that she was "upset because [Mr. Hernandez] stood up to her." Mr. Hernandez documented these admissions in writing at the time:

BLOOM LAW PLLC
3827-C South Edmunds St.
Seattle, Washington 98118-1729
(206) 323-0409

> Jose J. Hernandez <JJHernandez@psd1.org>
>
> Sun 5/29/2022 3:03 PM
>
> To:Raul Sital <RSital@psd1.org>
>
> Hi Raul,
>
> I wanted to get back to you sooner regarding our lunch meeting, but unfortunately with my brother passing away in Texas, we didn't get back until last weekend.  Upon our return, we had to help my sister Carmen with my brother-in-law Jesse.  He has been in the hospital for quite some time battling cancer and has had no improvement.  So, he is now in hospice care, and we had to prepare his home for his return.
>
> I just wanted to thank you once again for asking me to meet you for lunch just before I left for Texas. Your continued support throughout this process has meant a lot to me. I really appreciated your confirming that, in your view, I have not done anything wrong and your indication to me that the district's actions are retaliatory.
>
> Thank you for being willing to push back against the district's wrongdoing.  It means a lot to me.

*Excerpt of Mr. Hernandez's May 29, 2022 email to Assistant Superintendent Sital.*

> **Follow-Up**
>
> Jose J. Hernandez <JJHernandez@psd1.org>
>
> Tue 8/29/2023 4:01 PM
>
> To:Omar A. Escalera <OEscalera@psd1.org>
>
> Hey Omar,
>
> I wanted to follow up on something we discussed before. I know we have both been upset with the feeling that District leadership is tying my hands in this new position. You had indicated that Ms. Michelle and Ms. Sarah told you that they were upset because I had stood up to them. However, you were going to try and work with them to get me more of the directorship type of responsibilities. (Budget access, PCard, etc). I wanted to see if you have had any progress working with them or if they have had any change of heart?
>
> Gracias,
>
> Jose

*Excerpt of Mr. Hernandez's August 29, 2023 email to Executive Director Escalera.*

1.9.     Eventually, after keeping Mr. Hernandez on leave for over a year, PSD demoted him to a non-Director position with significantly less responsibility and transferred him to the District's version of Siberia. They also blocked him from a well-deserved promotion to Executive Director.

1.10.     Attempting to justify their retaliatory decision, District leaders made a baseless and shocking accusation: they claimed that Mr. Hernandez had allowed an "intoxicated" bus driver to transport students.

BLOOM LAW PLLC
3827-C South Edmunds St.
Seattle, Washington 98118-1729
(206) 323-0409

> There were several facts that [Superintendent] Whitney weighed . . . Hernandez's decision had the potential to place student safety at risk because the intoxicated employee was a bus driver responsible for transporting students.

*Excerpt (edited) of the District's 10/26/22 investigation report, where Superintendent Whitney falsely claims a driver was intoxicated.*

1.11.   This was a very serious accusation. It was also completely false.

1.12.   Mr. Hernandez did no such thing, as the District well knew. The driver involved was *not intoxicated*. Mr. Hernandez placed him back on duty after verifying that: (1) the driver tested *negative* for alcohol, (2) a trained specialist confirmed



| Test Results | |
|---|---|
| **Panel -     DOT BREATH ALCOHOL TEST DOTBAT** | |
| **Drug** | **Results** |
| Breath Alcohol | NEGATIVE |

*Excerpt of the bus driver's **negative** BAC test result.*

observing no signs of intoxication, and (3) the "zero-tolerance . . . for alcohol" safety policy that Jose was required to follow dictated returning the driver to duty based on his negative test results.

1.13.   Indeed, the District never disciplined the bus driver who purportedly drove "intoxicated," despite using his ostensible misconduct to justify demoting Hernandez.

1.14.   According to Federal Motor Carrier Safety Administration ("FMCSA") standards that District Policy No. 5259 required Mr. Hernandez to follow, .02 "*is the lowest level at which a scientifically accurate breath/blood alcohol concentration can be measured.*" Accordingly, placing drivers back on duty when they blow a BAC below that level is

BLOOM LAW PLLC
3827-C South Edmunds St.
Seattle, Washington 98118-1729
(206) 323-0409

consistent with the agency's and PSD's "zero-tolerance standard for alcohol."[2] Here, the District bus driver blew a BAC of 0.014 and 0.016, which the FMCSA and Washington State Office of the Superintendent of Public Instruction classify as a negative test for alcohol. But PSD falsely—and bafflingly—claimed that by returning the driver to duty, Mr. Hernandez had violated PSD's zero-tolerance standard.

1.15.  The District's justification was nothing more than a coverup for race discrimination and retaliation. By making an example of Mr. Hernandez, District leaders hope to silence Mr. Hernandez and discourage other employees from coming forward to demand an equal work environment free of racial abuse. This is what retaliation looks like.

1.16.  Mr. Hernandez wants to bring this lawsuit to make it easier for those who follow in his footsteps. Accordingly, he brings hostile work environment, retaliation, and race discrimination claims under the Washington Law Against Discrimination and 42 U.S.C. Sections 1981 and 1983.

## II.    PARTIES

2.1.  Plaintiff Jose Hernandez is an individual. At all times pertinent to this complaint, he was a resident of Benton County, Washington, domiciled therein.

2.2.  Defendant Pasco School District is a municipal school district located in Franklin County, Washington. The registered address of the District's Office is 1215

---

[2] FMCSA guidance (available at https://tinyurl.com/4kpnb9uf) (last accessed 9/6/23); FMCSA Implementation Guidelines (available at: https://tinyurl.com/k3n55z9a) (last accessed 9/6/23).

BLOOM LAW PLLC
3827-C South Edmunds St.
Seattle, Washington 98118-1729
(206) 323-0409

West Lewis St, Pasco, Washington 99301. The District is an "employer" within the meaning of Title 49 RCW and the Washington Law Against Discrimination. The District currently transacts business in Franklin County. At all times relevant hereto, the Pasco School District transacted business in Franklin County.

2.3. Defendant Superintendent Michelle Whitney is an individual. Among her other duties, Superintendent Whitney has the power to appoint all Directors, subject to Board approval, including the Transportation Director. Based on information and belief, Superintendent Whitney resides in Franklin County, Washington.

## III.   JURISDICTION AND VENUE

3.1. This Court has federal question jurisdiction under 28 U.S.C. §1331 for claims brought under 42 U.S.C. §§ 1981 and 1983. The Court has supplemental jurisdiction over the Washington state claims under 28 U.S.C. § 1367.

3.2. Venue is proper in the Eastern District of Washington at Richland under 28 U.S.C. § 1391 because Defendant Pasco School District is located in Franklin County, Washington; Defendant Whitney resides in Franklin County, Washington; and a substantial part of the events that gave rise to this lawsuit occurred in Frankin County, Washington.

3.3. Mr. Hernandez satisfied the Chapter 4.96 RCW's tort claim requirements.

BLOOM LAW PLLC
3827-C South Edmunds St.
Seattle, Washington 98118-1729
(206) 323-0409

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

## IV.    FACTS

### A. Mr. Hernandez's background and tenure as Transportation Director.

4.1.    Mr. Hernandez comes from a migrant family, and started work at age three, picking grapes in the field. Through hard work, skill, and determination, he succeeded in the face of significant obstacles.

4.2.    At Pasco School District, Mr. Hernandez worked his way up through the ranks. He began working for the District in 2006 as a Dropout Prevention Manager. He excelled. And the District promoted him to Student Achievement Coordinator in 2010, then to Transportation Director in 2012.

4.3.    As Transportation Director, Mr. Hernandez managed operational responsibilities to safely transport over 11,000 students to and from school while utilizing the expertise and skill sets of approximately 230 staff members.

4.4.    The job included responsibility for the operational budget, fleet management, accident investigation, safe walking routes, and other duties.

4.5.    Mr. Hernandez excelled as Transportation Director.

4.6.    The District-drafted performance reviews for Mr. Hernandez from 2012-2021 were uniformly positive.

> challenge.  Mr. Hernandez has set high standards for himself and the Transportation Department.  Mr. Hernandez effort and supervision is turning Pasco School District Transportation Department into a new standard that other districts will strive to meet.

*Excerpt from Jose's Performance Review (2017).*

COMPLAINT                                          -9-

4.7. Each performance review praised him for "consistently" providing safe transportation for students. Each review reflects that his Transportation Department was meeting safety expectations.

**B.    Pasco School District's Racially Hostile Work Environment.**

4.8 Unfortunately, during Mr. Hernandez's tenure as Transportation Director, he directly and regularly witnessed unwelcome racially harassing comments and conduct.

4.9    Because the conduct was so pervasive, Mr. Hernandez cannot recall each and every racially harassing comment or behavior that occurred over his nine-year tenure as Transportation Director. He personally witnessed comments and conduct by fellow employees, including: (1) notes slid under Jose's door with remarks such as "Go back to Mexico," "Wetback," "Spic," and "Speak English;" (2) "don't fucking talk to me", and muttering "I still can't believe we have a Mexican for a director;" (3) "all of the white business owners are moving out of downtown Pasco because all of the Mexicans are moving in;" (4) "Don't leave the bus here overnight because . . . because the Mexicans will come and steal the hubcaps;" (5) racist anti-Mexico "jokes"; (6) "I can't believe we have a Mexican as a Supervisor, he will make us all speak Spanish;" (7) the defacing of a Spanish Camp flyer to read "we are America – English;" (8) "you people don't like Trump because he wants to build a wall, why'd you even come to our country;" (9) "well why did your ancestors come here if they hate it so much; if you don't like it here, then you should go back to Mexico;" (10) anti-Jose graffiti on District buildings, including graffiti reading "Jose Mall Cop" and "Jose H. Little Dick;" and (11)

                                       BLOOM LAW PLLC
3827-C South Edmunds St.
Seattle, Washington 98118-1729
(206) 323-0409

Mr. Hernandez's supervisor, Executive Director Steve Story, using the phrase "you people" to refer to Mexican Americans in a derogatory manner.

4.10    Additionally, a small subset of bus drivers in the Transportation Department calling themselves the "Stearman Group" engaged in intimidating and racist conduct towards him because of his race, including: ostracizing Mr. Hernandez, shooting him threatening glares, refusing to acknowledge his greetings, spreading the above-pictured anti-Jose and anti-Latino graffiti on social media, spreading false and salacious rumors about Mr. Hernandez to defame him, and delivering an intimidating and anonymous package referencing the anti-Jose and anti-Latino Stearman Group to Mr. Hernandez's office:



*Anonymous package and contents delivered to Hernandez's office from anti-Latino group.*

4.11    In addition to the racial harassment Mr. Hernandez experienced firsthand, he learned secondhand of additional racist comments and conduct directed towards him and other Latino employees approximately weekly or monthly.

4.12    Mr. Hernandez frequently felt anxious and physically sick after hearing of this racist treatment of him and others.

BLOOM LAW PLLC
3827-C South Edmunds St.
Seattle, Washington 98118-1729
(206) 323-0409

4.13   Because the conduct was so pervasive, Mr. Hernandez cannot recall each and every racially harassing comment or behavior that occurred over his nine-year tenure as Transportation Director. He recalls learning secondhand of many specific racial slurs, including Transportation Department employees engaging in comments or conduct like calling him and/or other Latino employees: (1) "wetback;" (2) "spic;" (3) "beaner;" (4) "you people" while referring to Mexican Americans in a derogatory manner; (5) making fun of Mexico; (6) mocking Mexican accents, including over the bus driver radio; (7) racist anti-Mexico "jokes"; (8) "it smells here…stop cooking Mexican food;" (9) "I can't wait until we make it illegal to speak anything but English in America;" (10) "I can't wait to build the wall;" (11) "everything is going to change for you people;" and (11) "all Mexicans are "lazy."

4.14   Mr. Hernandez continued to experience or learn of racially hostile comments and conduct such as that described above throughout his tenure as Transportation Director, up until the District involuntarily placed him on administrative leave in December 2021.

**C. Mr. Hernandez's repeated reporting of racial harassment and the District's repeated failure to take prompt or effective remedial action**.

4.15   Throughout his tenure as Transportation Director, Mr. Hernandez repeatedly reported the above-described racist, harassing, and bullying conduct to District supervisors and managers, including then Executive Director Randy Nunamaker, then Executive Director Steve Story, and others.

BLOOM LAW PLLC
3827-C South Edmunds St.
Seattle, Washington 98118-1729
(206) 323-0409

4.16   For example, Mr. Hernandez reported approximately one instance of racially harassing conduct per month to then Director Nunamaker during his tenure as Mr. Hernandez's supervisor.

4.17.   But although the District knew or should have known of the conduct underlying the racially hostile work environment, they repeatedly failed to take prompt or effective remedial action.

4.18.   For example, the District often failed to act at all, including:

4.18.1. In approximately the first year of Mr. Hernandez's employment, he reported to his supervisor that District bus drivers engaged in appalling racist conduct—yet no one investigated, the drivers were never disciplined, and PSD never acted based on his report.

4.18.2. In 2016, Mr. Hernandez reported to his supervisor that employees associated with the anti-Latino "Stearman Group" were spreading the above-pictured graffiti on social media—but the District never investigated or acted to protect Mr. Hernandez.

4.18.3.   Mr. Hernandez reported to his supervisor that District employees slid anonymous notes under his office door with remarks such as "Go back to Mexico," "Wetback," and "Spic"—but PSD took no action.

4.18.4. In November 2021, Mr. Hernandez emailed an Assistant Superintendent and reported continued harassment—but the Assistant Superintendent never even bothered to respond.

BLOOM LAW PLLC
3827-C South Edmunds St.
Seattle, Washington 98118-1729
(206) 323-0409

4.19. When the District acted at all, its remedial actions were dilatory, insignificant, and ineffective, including:

4.19.1. In approximately November 2020, Mr. Hernandez reported Executive Director Steve Story's discriminatory "you people" comments to a supervisor—but the District never investigated or disciplined Mr. Story.

4.19.2. In 2017, after Mr. Hernandez and others reported appalling racist conduct by Transportation Department employees, including statements like "Mexicans don't need to be here," the District merely issued the offending parties a "not disciplinary" warning letter telling them to be more professional:

> This letter constitutes standing directives to you. It is not disciplinary in nature. The directives will not expire and may only be changed in writing by me, the Superintendent, or the Superintendent's designee.
>
> - You will maintain professional behavior at work. This includes, but is not limited to, not using profanity, arguing to the point of yelling or disrespectful words or body language.
> - You will be respectful of co-worker's beliefs, values and privacy.
> - Conversations will be appropriate for the workplace. No one will discriminate, harass or intimidate others.

Excerpt of 2017 District "not disciplinary" letter to a harasser.

4.19.3. In 2016, the District investigated Mr. Hernandez's report of racist conduct after a months-long delay—but the "investigator" never spoke with Mr. Hernandez before determining it was a "he-said, she-said" situation and never informed him of the investigation's outcome.

4.19.4. In 2016, the District formed a Climate Assessment Committee. However, the District later acknowledged this Committee "fell short" and was

BLOOM LAW PLLC
3827-C South Edmunds St.
Seattle, Washington 98118-1729
(206) 323-0409

"conspicuously thin" regarding racial intolerance issues.

4.19.5. In 2019, the Superintendent began to occasionally meet with Mr. Hernandez regarding his hostile work environment concerns—but these meetings were for appearances only. As with any meeting for the sake of meetings—they never led to any change.

4.19.6. In November 2019, Mr. Hernandez again reported a hostile work environment. This time, the District did open an investigation—but it ignored and failed to investigate most of his concerns, including racial harassment of other Latino employees and his offer to provide the investigator with "many more examples" of the hostile work environment. Further, the District apparently took *no corrective action* based on that 2019 investigation, even though it revealed racial divisions at PSD's Transportation Department and even though Superintendent Whitney acknowledged to Mr. Hernandez that people needed to be fired based on the report.

4.20.   Based on information and belief, the District never disciplined a single employee based on any of Mr. Hernandez's reports of racial mistreatment and harassment.

4.21.   Because of the District's repeated inaction and failure to take prompt or effective remedial measures, Mr. Hernandez was continually exposed to a racially hostile work environment for years.

BLOOM LAW PLLC
3827-C South Edmunds St.
Seattle, Washington 98118-1729
(206) 323-0409

4.22. This hostile work environment unreasonably interfered with Mr. Hernandez's work environment and the ability to do his job. For example, he would frequently feel physically sick and suffer other symptoms because of the hostile work environment.

**D. Defendants' Retaliation against Hernandez**.

4.23. Throughout Mr. Hernandez's employment, he frequently opposed the District's discrimination, including the above-described reporting of racist and harassing conduct.

4.24. Mr. Hernandez gained a reputation, especially towards the end of his tenure, as someone willing to call out the District's inaction on issues of racial intolerance. He was a thoughtful and vocal leader.

4.25. As Mr. Hernandez became more visible and vocal in his opposition to race discrimination at the District, Superintendent Michelle Whitney grew cold and distant towards him.

4.26. In November 2021, Mr. Hernandez emailed an Assistant Superintendent to renew his report of hostile work environment. He explained that the harassing conduct he previously reported in November 2019 was still ongoing. He noted that "nothing has really been concluded" and there was no "closure" on his previous report. He proposed "meeting with the School Board" to discuss the ongoing atmosphere of racial harassment and seek solutions.

BLOOM LAW PLLC
3827-C South Edmunds St.
Seattle, Washington 98118-1729
(206) 323-0409

4.27.   The next month, in December 2021, the District retaliated against Mr. Hernandez by placing him on administrative leave based on false allegations of misconduct.

4.28.   After several months of administrative leave, Mr. Hernandez told Superintendent Whitney in approximately February 2022 that he was concerned his disciplinary leave was retaliation for his outspoken opposition to racial harassment.

4.29.   She responded with a threat: if Hernandez formally alleged retaliation or demanded a *Loudermill* -- Superintendent Whitney would initiate further investigations against him.

4.30.   In that same meeting, Superintendent Whitney told Mr. Hernandez that she would never allow him to return as Transportation Director.

4.31.   PSD left Mr. Hernandez on administrative leave for over a year.

4.32.   Finally, in March 2023, the District was forced to concede that Mr. Hernandez acted "reasonably" in allowing the driver back on duty.

4.33.   Despite this concession, the District still claimed he had violated its "zero tolerance" alcohol policy, and issued him the lowest level of discipline—an "oral warning."

4.34.   The discipline was undeserved. In fact, Mr. Hernandez followed the District policy requiring him to "act in accordance" with the Federal Motor Carrier Safety standards.

BLOOM LAW PLLC
3827-C South Edmunds St.
Seattle, Washington 98118-1729
(206) 323-0409

4.35.   PSD then demoted Mr. Hernandez to a far less prestigious position (Migrant Program Manager), citing Mr. Hernandez's decision to allow the non-intoxicated driver back on duty.

4.36.   Based on information and belief, Mr. Hernandez is the only District employee during Superintendent Whitney's tenure to be removed from their position following an oral warning.

4.37.   The demotion stripped Mr. Hernandez of his supervisory duties and budget control. He is no longer on the Admin Leadership Team, is now a Manager not a Director, has been relegated to a decrepit building with numerous safety concerns, and has few meaningful responsibilities.

4.38.   The District's purported legitimate reason for demoting Mr. Hernandez was pretext for race discrimination and retaliation for opposing race discrimination, as detailed above.

4.39.   Based on information and belief, similarly situated employees who did not engage in protected conduct similar to Mr. Hernandez and are not in Mr. Hernandez's protected class, were treated more favorably in that they were not demoted for similar alleged policy violations.

4.40.   Because of the District's retaliation, Mr. Hernandez did not receive a well-deserved promotion to Executive Director of Operations in June 2022.

4.41.   But for the District's retaliation and race discrimination, Mr. Hernandez would have received that promotion and the related increased pay and benefits.

BLOOM LAW PLLC
3827-C South Edmunds St.
Seattle, Washington 98118-1729
(206) 323-0409

## V.     FIRST AND SECOND CAUSES OF ACTION:

## HOSTILE WORK ENVIRONMENT IN VIOLATION OF THE WLAD
### & SECTIONS 1981 & 1983
### (Against Pasco School District)

5.1     Plaintiff alleges the paragraphs above as if fully set forth herein.

5.2     District employees and supervisors subjected Hernandez to unwelcome conduct and language related to Mr. Hernandez's race that was so severe or pervasive that it altered the conditions of Mr. Hernandez's employment.

5.3     A manager participated in the conduct.

5.4     District management knew or should have known of the hostile work environment because it was so pervasive or through other circumstances.

5.5     The District failed to take reasonably prompt and effective remedial measures designed to end the hostile work environment.

5.6     As a direct result of the District's unlawful conduct, Mr. Hernandez has suffered and continues to suffer emotional harm including grief, loss of enjoyment of life, damage to reputation, fear, anxiety, anguish, embarrassment, humiliation, and other damages in amounts to be proved at trial.  These harms are ongoing and are reasonably likely to be experienced in the future.

## VI.     THIRD CAUSE OF ACTION:

## RETALIATION IN VIOLATION OF THE WLAD
### (Against Pasco School District)

6.1     Plaintiff realleges paragraphs above as if fully set forth herein.

BLOOM LAW PLLC
3827-C South Edmunds St.
Seattle, Washington 98118-1729
(206) 323-0409

6.2     Plaintiff took several actions protected by the Washington Law Against Discrimination ("WLAD"), including without limitation reporting a racially hostile work environment and race discrimination on numerous occasions, including in November 2021. These actions to oppose discrimination were statutorily protected from retaliation.

6.3     The District knew or suspected that Mr. Hernandez engaged in these statutorily protected activities.

6.4     The District subjected Plaintiff to numerous adverse employment actions (i.e., an employment action that well might have discouraged a reasonable worker from engaging in protected activity), including without limitation placing Mr. Hernandez on administrative leave, demoting him, and depriving him of the promotion to Executive Director of Operations.

6.5     Plaintiff's protected activity was a substantial factor in these adverse employment actions.

6.6     As a direct result of Defendants' unlawful conduct, Mr. Hernandez has suffered and continues to suffer lost wages and pecuniary benefits of his employment, future lost earnings and emotional harm, including grief, loss of enjoyment of life, damage to reputation, fear, anxiety, anguish, embarrassment, humiliation, and other damages in amounts to be proved at trial.  These harms are ongoing and are reasonably likely to be experienced in the future.

BLOOM LAW PLLC
3827-C South Edmunds St.
Seattle, Washington 98118-1729
(206) 323-0409

## VII.   FOURTH CAUSE OF ACTION:

## RACE DISCRIMINATION IN VIOLATION OF THE WLAD
### (Against Pasco School District)

7.1     Plaintiff realleges paragraphs above as if fully set forth herein.

7.2     Mr. Hernandez is Latino male.

7.3     The District subjected Mr. Hernandez to numerous adverse employment actions, including without limitation placing Mr. Hernandez on administrative leave, demoting him, and depriving him of the promotion to Executive Director of Operations.

7.4     Plaintiff's race was a substantial factor in these adverse employment actions.

7.5     As a direct result of Defendants' unlawful conduct, Mr. Hernandez has suffered and continues to suffer lost wages and pecuniary benefits of his employment, future lost earnings and emotional harm, including grief, loss of enjoyment of life, damage to reputation, fear, anxiety, anguish, embarrassment, humiliation, and other damages in amounts to be proved at trial.  These harms are ongoing and are reasonably likely to be experienced in the future.

## VIII.  FIFTH AND SIXTH CAUSES OF ACTION:

## RACE DISCRIMINATION & RETALIATION IN VIOLATION OF
### SECTION 1981 & 1983
### (Against Defendants)

8.1     Plaintiff realleges paragraphs above as if fully set forth herein.

COMPLAINT                                     -21-

BLOOM LAW PLLC
3827-C South Edmunds St.
Seattle, Washington 98118-1729
(206) 323-0409

8.2    Plaintiff engaged in activity protected by Section 1981 & Section 1983 by opposing discrimination based on his good faith belief that his and others' right to be free from racial discrimination was being violated, including by without limitation reporting a racially hostile work environment and race discrimination on numerous occasions, including in November 2021.

8.3    Defendants subjected Plaintiff to numerous materially adverse employment actions and adverse employment actions that well might have discouraged a reasonable worker from engaging in protected activity, including without limitation placing Mr. Hernandez on administrative leave, demoting him to a significantly worse position, and depriving him of the promotion to Executive Director of Operations.

8.4    Superintendent Whitney acted under color of state law when she subjected Plaintiff to these adverse employment actions.

8.5    Defendants acted with reckless disregard to Plaintiff's rights when they subjected him to these adverse actions.

8.6    Based on information and belief, Superintendent Whitney had final policymaking authority when she subjected Plaintiff to these adverse actions.

8.7.    Defendants subjected Plaintiff to these adverse employment actions because of his protected activity and/or his race.

8.8    When Defendants retaliated against Plaintiff because he engaged in protected activity and because of race, they violated 42 U.S.C. Sections 1981 and 1983.

8.9    As a direct result of Defendants' unlawful conduct, Mr. Hernandez has

BLOOM LAW PLLC
3827-C South Edmunds St.
Seattle, Washington 98118-1729
(206) 323-0409

suffered and continues to suffer lost wages and pecuniary benefits of his employment, future lost earnings and emotional harm, including grief, loss of enjoyment of life, damage to reputation, fear, anxiety, anguish, embarrassment, humiliation, and other damages in amounts to be proved at trial. These harms are ongoing and are reasonably likely to be experienced in the future.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment against Defendants, awarding him:

1.    Lost wages, including front and back pay and other lost pecuniary benefits of employment, in an amount to be proven at trial;

2.    Compensatory damages for emotional harm in an amount to be proven at trial;

3.    Punitive damages;

4.    Reasonable attorneys' fees, expert witness fees, and costs pursuant to, among other things, RCW 49.60.030(2) and 49.48.030, 42 U.S.C. § 1988;

5.    Pre- and post-judgment interest at the maximum rate allowed by law;

6.    Damages to make up for any adverse tax consequences for any award to Mr. Hernandez; and

7.    Such other relief as this Court may deem appropriate.

**Mr. Hernandez hereby demands a jury trial on all of the issues set forth herein**.

COMPLAINT                                -23-

BLOOM LAW PLLC
3827-C South Edmunds St.
Seattle, Washington 98118-1729
(206) 323-0409

1

2      Dated this 23rd day of October, 2023.

3

4

5                              BLOOM LAW PLLC

6

7                                   _____/s/ Beth Bloom_____

8                                   _____/s/ Jay Corker Free_____

9                              Beth Barrett Bloom, WSBA #31702
                               Jay Corker Free, WSBA #51393
10                             Attorneys for Plaintiff Jose Hernandez
                               3827-C South Edmunds St.
11                             Seattle, Washington 98118
                               Phone: (206) 323-0409
12                             Email:     bbloom@bloomlawpllc.com
13                             Email:     jfree@bloomlawpllc.com

14

15

16

17

18

19

20

21

22

23

24

25

26

27