PREG O'DONNELL & GILLETT
901 5TH Ave., Suite 3400
Seattle, WA  98164
(206) 287-1775

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON (RICHLAND)

| | |
|---|---|
| JOSE HERNANDEZ, an individual<br><br>Plaintiff,<br><br>vs.<br><br>PASCO SCHOOL DISTRICT NO. 1, a municipal school district, and MICHELLE WHITNEY, an individual, and her marital community.<br><br>Defendants. | CASE NO.:  4:23-cv-05146-SAB<br><br>ANSWER TO COMPLAINT |

## 1.    NATURE OF THE CASE

1.1.    Defendants lack sufficient knowledge, information, or belief to respond to the allegations contained in Paragraph 1.1 of the Complaint, and therefore, deny the same.

1.2.    Defendants admit Plaintiff was the District Transportation Director from 2012 to 2023 and at times was subjected to or reported inappropriate comments

ANSWER TO COMPLAINT
4:23-cv-05146-SAB
-1-

PREG O'DONNELL & GILLETT
901 5TH Ave., Suite 3400
Seattle, Washington 98164
(206) 287-1775

or conduct, the source of which was often unknown even after thorough investigation, to which Defendants responded. Defendants lack sufficient knowledge, information, or belief to respond to remaining specific allegations contained in Paragraph 1.2 of the Complaint, and therefore deny the same.

1.3.     Defendants admit Plaintiff sent this email on August 1, 2019, and Plaintiff reported racial harassment towards him. Superintendent Whitney responded to Plaintiff's email approximately two hours later, expressing deep concern regarding Plaintiff's report and scheduling a meeting to discuss.   The District investigated and attempted to resolve his concerns on multiple occasions. Defendants lack sufficient knowledge, information, or belief to respond to remaining specific allegations contained in Paragraph 1.3 of the Complaint, and therefore deny the same.

1.4.     Defendants admit Plaintiff made reports of harassment. No response is required in response to clip art, however, to the extent the clip art contains allegations, Defendants deny the same.   Defendants deny that PSD failed to take appropriate action.   To the extent Paragraph 1.4 contains further allegations, Defendants lack sufficient knowledge, information, or belief to respond, and therefore deny the same.

1.5.     Denied. The District conducted a climate assessment in response to complaints, including racially charged occurrences. Plaintiff's inclusion of

PREG O'DONNELL & GILLETT
901 5TH Ave., Suite 3400
Seattle, Washington 98164
(206) 287-1775

assessment results as formal reports left unaddressed is a gross mischaracterization of the District's efforts to reveal and combat racial discrimination. Following the 2016 climate assessment survey a Climate Assessment Committee was formed, including staff from various ethnic backgrounds and positions in the Transportation organization. The committee, which included Plaintiff, met regularly and kept notes on their action planning.

1.6.    Defendants deny the working conditions were intolerable as they appropriately responded to Plaintiff's complaints. Defendants lack sufficient knowledge, information, or belief to respond to remaining specific allegations contained in Paragraph 1.6 of the Complaint, and therefore deny the same.

1.7.    Defendants admit Plaintiff was placed on leave in December 2021, and that Plaintiff satisfactorily performed certain aspects of his role as Transportation Director. Defendants deny the remaining allegations contained in Paragraph 1.7 of Plaintiff's Complaint.

1.8.    Denied. Plaintiff supports these allegations with emails he wrote, rather than emails from Assistant Superintendent Sital or Executive Director Escalera affirmatively making claims alleged in Paragraph 1.8. Moreover, Executive Director Escalera refuted Plaintiff's allegations in a response on August 31, 2023 stating "I did not say Mrs. Thornton nor Mrs. Whitney were upset with you…Again, I want to

ANSWER TO COMPLAINT
4:23-cv-05146-SAB                                        -3-

PREG O'DONNELL & GILLETT
901 5TH Ave., Suite 3400
Seattle, Washington 98164
(206) 287-1775

clarify that I have not had any discussion with leadership about anything that happened prior to you being in Migrant."

1.9.    Defendants admit Plaintiff was on leave for more than a year and now holds a non-Director position. To the extent Paragraph 1.9 contains further allegations, those allegations are denied.

1.10.    Defendants admit Plaintiff allowed a bus driver to transport students in violation of the District Policy 5259, which establishes "zero tolerance" for alcohol. To the extent Paragraph 1.10 contains further allegations, those allegations are denied.

1.11.    Defendants admit Plaintiff's decision allowing a bus driver to transport students in violation of District Policy 5259 was serious. To the extent Paragraph 1.11 contains further allegations, those allegations are denied.

1.12.    Denied.

1.13.    The District followed a fitness for duty process required after an employee receives a positive test. The process was disrupted when Plaintiff returned the bus driver to duty. Thus, the District was unable to fully complete the standard process. To the extent Paragraph 1.13 contains further allegations, those allegations are denied.

1.14.    Defendants admit the District policy is more stringent than the Federal Rules and Plaintiff violated the District policy when he returned the driver to duty.

To the extent Paragraph 1.14 of Plaintiff's Complaint contains further allegations, those allegations are denied.

1.15.    Denied.

1.16.    Defendants lack sufficient knowledge, information, or belief to respond to allegations contained in Paragraph 1.16 of the Complaint, and therefore deny the same.

## II.    PARTIES

2.1.    Defendants admit Plaintiff is an individual. Defendants lack sufficient knowledge, information, or belief to respond to remaining specific allegations contained in Paragraph 1.17 of the Complaint, and therefore deny the same.

2.2.    The District currently transacts business in Franklin County. At all times relevant hereto, the Pasco School District transacted business in Franklin County.  Admit.

2.3.    Admit.

## III.    JURISDICTION AND VENUE

3.1.    Admit.

3.2.    Admit.

3.3.    Admit.

PREG O'DONNELL & GILLETT
901 5TH Ave., Suite 3400
Seattle, Washington 98164
(206) 287-1775

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

## IV.    FACTS

**A. Mr. Hernandez's background and tenure as Transportation Director**.

4.1.    Defendants lack sufficient knowledge, information, or belief to respond to remaining specific allegations contained in Paragraph 4.1 of the Complaint, and therefore deny the same.

4.2.    Defendants admit Plaintiff was first hired by the District in 2006 as a Dropout Prevention Specialist Manager. The position was reclassified as Student Achievement Coordinator in 2010. Plaintiff was hired as Transportation Supervisor in 2012. The position was re-titled as a Director position in 2016 along with two other District positions (all three positions were re-titled as Directors at the same time).  To the extent Paragraph 4.2 contains further allegations, those allegations are denied.

4.3.    Defendants admit Plaintiff managed operational responsibilities to safely transport students to and from school. Defendants admit Plaintiff's 2019-2020 evaluation references "over 200 staff" and "over 11,000 students", however, these numbers would have been lower when Plaintiff was hired as Transportation Supervisor in 2012 and would have fluctuated yearly based on enrollment and staffing. Defendants lack sufficient knowledge, information, or belief to respond to remaining allegations contained in Paragraph 4.3 of the Complaint, and therefore deny the same.

ANSWER TO COMPLAINT
4:23-cv-05146-SAB                    -6-

PREG O'DONNELL & GILLETT
901 5TH Ave., Suite 3400
Seattle, Washington 98164
(206) 287-1775

4.4.    Admit.

4.5.    Defendants admit Plaintiff satisfactorily performed certain aspects of his role as Transportation Director. To the extent Paragraph 4.5 contains other allegations, those allegations are denied.

4.6.    Defendants admit Plaintiff satisfactorily performed certain aspects of his role as Transportation Director, however, goals and issues to focus on were identified in various years. To the extent Paragraph 4.6 contains other allegations, those allegations are denied.

4.7.    Defendants admit Plaintiff's reviews consistently state that safety is a priority for Plaintiff in the operation of the department. To the extent Paragraph 4.7 contains other allegations, those allegations are denied.

**B. Pasco School District Denies Plaintiff's Allegations of a Racially Hostile Work Environment.**

4.8.    Defendants admit Plaintiff witnessed unwelcome comments and conduct during his tenure as Transportation Director. Defendants lack sufficient knowledge, information or belief to respond to the remaining allegations in Paragraph 4.8, and therefore deny the same.

4.9.    Defendants admit Plaintiff witnessed unwelcome comments and conduct at times during his tenure as Transportation Director, and that the District took steps to address this conduct, despite the source of said conduct or comments often being unknown even after thorough investigations. Defendants lack sufficient

knowledge, information or belief to respond to the remaining allegations in Paragraph 4.9, and therefore deny the same.

4.10.   Defendants admit Plaintiff received an anonymous package during his tenure as Transportation Director. Defendants lack sufficient knowledge, information or belief to respond to the remaining allegations in Paragraph 4.10, and therefore deny the same.

4.11.   Defendants lack sufficient knowledge, information or belief to respond to the remaining allegations in Paragraph 4.11, and therefore deny the same.

4.12.   Defendants lack sufficient knowledge, information or belief to respond to the remaining allegations in Paragraph 4.12, and therefore deny the same.

4.13.   Defendants admit Plaintiff witnessed unwelcome comments and conduct at times during his tenure as Transportation Director, and that the District took steps to address this conduct, despite the source of said conduct or comments often being unknown even after thorough investigations. Defendants lack sufficient knowledge, information or belief to respond to the remaining allegations in Paragraph 4.13, and therefore deny the same.

4.14.   Defendants lack sufficient knowledge, information or belief to respond to the remaining allegations in Paragraph 4.14, and therefore deny the same.

**C. The District's took prompt and effective remedial action in response to Mr. Hernandez's reporting of racial harassment.**

4.15.   Defendants admit Plaintiff witnessed unwelcome comments and

ANSWER TO COMPLAINT
4:23-cv-05146-SAB                                   -8-

PREG O'DONNELL & GILLETT
901 5TH Ave., Suite 3400
Seattle, Washington 98164
(206) 287-1775

conduct at times during his tenure as Transportation Director and made reports of the same. Defendants lack sufficient knowledge, information or belief to respond to the remaining allegations in Paragraph 4.15, and therefore deny the same.

4.16. Defendants lack sufficient knowledge, information or belief to respond to the remaining allegations in Paragraph 4.16, and therefore deny the same.

4.17.  Denied.

4.18.  Denied.

4.18.1 Defendants lack sufficient knowledge, information or belief to respond to the remaining allegations in Paragraph 4.18.1, and therefore deny the same.

4.18.1.    Defendants lack sufficient knowledge, information or belief to respond to the remaining allegations in Paragraph 4.18.2, and therefore deny the same.

4.18.2.    Defendants lack sufficient knowledge, information or belief to respond to the remaining allegations in Paragraph 4.18.3, and therefore deny the same.

4.18.3.    Defendants lack sufficient knowledge, information or belief to respond to the remaining allegations in Paragraph 4.18.4, and therefore deny the same.

4.18.4.    Denied.

4.18.5.    Defendants lack sufficient knowledge, information or belief to

PREG O'DONNELL & GILLETT
901 5TH Ave., Suite 3400
Seattle, Washington 98164
(206) 287-1775

respond to the remaining allegations in Paragraph 4.19.1, and therefore deny the same.

4.18.6.    Without complete context regarding the scope and date of the text pasted in Paragraph 4.19.2, Defendants lack sufficient knowledge, information or belief to respond to the remaining allegations in Paragraph 4.19.2, and therefore deny the same.

4.18.7.    Defendants lack sufficient knowledge, information or belief to respond to the allegations in Paragraph 4.19.3, and therefore deny the same.

4.18.8.    Defendants lacks sufficient knowledge, information or belief to respond to the allegations in Paragraph 4.19.4, and therefore deny the same.

4.18.9.    Defendants admit Superintendent Whitney met multiple times with Mr. Hernandez regarding his concerns. To the extent Paragraph 4.19.5 makes any further allegations, those are denied.

4.18.10.    Admit that Plaintiff met with Sarah Thornton and received a copy of the report after it was issued. Deny that the investigation resulted in any concrete findings warranting corrective action at the time. Admit the report was issued in February 2020, less than a month before the COVID pandemic and affecting the structure and operation of the District. To the extent Paragraph 4.19.6 makes any further allegations, those are denied.

4.18.11.    Denied. Corrective action was taken. Such action is only

ANSWER TO COMPLAINT
4:23-cv-05146-SAB                                    -10-

PREG O'DONNELL & GILLETT
901 5TH Ave., Suite 3400
Seattle, Washington 98164
(206) 287-1775

appropriate if the preponderance of evidence burden is met at the conclusion of a report.

4.18.12.    Denied.

4.18.13.    Defendants lack sufficient knowledge, information or belief to respond to the remaining allegations in Paragraph 4.22, and therefore deny the same.

**D. Defendants did not Retaliate against Hernandez**.

4.18.14.    Defendants admit Plaintiff reported alleged discriminatory conduct. Defendants lack sufficient knowledge, information, or belief to respond to the remaining allegations in Paragraph 4.23, and therefore deny the same.

4.19.  Defendants lack sufficient knowledge, information, or belief to respond to the remaining allegations in Paragraph 4.24, and therefore deny the same.

4.20.  Denied.

4.21.  Defendants admit Plaintiff emailed an Assistant Superintendent with concerns in November 2021. Defendants lacks sufficient knowledge, information, or belief to respond to the remaining allegations in Paragraph 4.26, and therefore deny the same.

4.22.  Defendants admit Plaintiff was placed on administrative leave in December 2021. To the extent Paragraph 4.27 contains further allegations, those allegations are denied.

PREG O'DONNELL & GILLETT
901 5TH Ave., Suite 3400
Seattle, Washington 98164
(206) 287-1775

4.23.    Denied.

4.24.    Defendants admit Superintendent Whitney met with Plaintiff regarding an investigative report. To the extent Paragraph 4.29 contains further allegations those allegations are denied.

4.25.    Denied.

4.26.    Defendants admit Plaintiff was on administrative leave for over a year. To the extent Paragraph 4.31 contains further allegations those allegations are denied.

4.27.    Denied. The District acknowledged steps Plaintiff alleged he took before allowing the bus driver to drive, and reasonableness of these steps. The following sentence states "Nonetheless, your failure to park the driver still violated Policy 5259" ultimately concluding his actions as a whole were not reasonable and warranted correction.

4.28.    Admit Plaintiff received an oral warning for violation of Policy 5259 and was reassigned to a different position. To the extent Paragraph 4.33 contains further allegations, those allegations are denied.

4.29.    Denied.

4.30.    Defendants admit concerns regarding Plaintiff's allowance of an intoxicated driver to drive a bus in violation of District policy. To the extent Paragraph 4.35 contains further allegations, those allegations are denied.

ANSWER TO COMPLAINT
4:23-cv-05146-SAB                                    -12-

PREG O'DONNELL & GILLETT
901 5TH Ave., Suite 3400
Seattle, Washington 98164
(206) 287-1775

4.31.  Defendants admit Plaintiff received an oral warning. To the extent Paragraph 4.36 contains further allegations, those allegations are denied.

4.32.  Defendants admit Plaintiff no longer has certain supervisory duties or direct budget authority. Defendants admit Plaintiff is no longer on the Admin Leadership Team and now holds a Manager title rather than a Director title. All other allegations in Paragraph 4.37 are denied.

4.33.  Denied.

4.34.  Denied.

4.35.  Denied.

4.36.  Denied.

## V.    FIRST AND SECOND CAUSES OF ACTION:

### HOSTILE WORK ENVIRONMENT IN VIOLATION OF THE WLAD & SECTIONS 1981 & 1983
### (Against Pasco School District)

5.1    Defendants restate and reallege the answers to paragraphs above as though the same were fully set forth herein.

5.2    Denied.

5.3    Denied.

5.4    Denied.

5.5    Denied.

5.6    Denied.

PREG O'DONNELL & GILLETT
901 5TH Ave., Suite 3400
Seattle, Washington 98164
(206) 287-1775

## VI.    THIRD CAUSE OF ACTION:

### RETALIATION IN VIOLATION OF THE WLAD
### (Against Pasco School District)

6.1    Defendants restate and reallege the answers to paragraphs above as though the same were fully set forth herein.

6.2    These actions to oppose discrimination were statutorily protected from retaliation. Paragraph 6.2 seeks the response to a conclusion of law to which no response is appropriate or required. To the extent any response is needed, Defendants admit Plaintiff reported race discrimination and reports of discrimination are statutorily protected from retaliation. Defendants lacks sufficient knowledge, information or belief to respond to remaining allegations in Paragraph 6.2 and therefor, deny the same.

6.3    Defendants were aware of reports made by Mr. Hernandez. Any other allegations in Paragraph 6.3 are denied.

6.4    Paragraph 6.4 seeks the response to a conclusion of law to which no response is appropriate or required. To the extent any response is needed, Defendants admit Plaintiff was placed on administrative leave. Defendants deny all other allegations in Paragraph 6.4.

6.5    Paragraph 6.5 seeks the response to a conclusion of law to which no response is appropriate or required. To the extent any response is needed it is denied.

6.6    Paragraph 6.6 seeks the response to a conclusion of law to which no

PREG O'DONNELL & GILLETT
901 5TH Ave., Suite 3400
Seattle, Washington 98164
(206) 287-1775

response is appropriate or required. To the extent Paragraph 6.6 contains further allegations, Defendants deny.

## VII.   FOURTH CAUSE OF ACTION:

### RACE DISCRIMINATION IN VIOLATION OF THE WLAD
### (Against Pasco School District)

7.1    Defendants restate and reallege the answers to paragraphs above as though the same were fully set forth herein.

7.2    Admit.

7.3    Paragraph 7.3 seeks the response to a conclusion of law to which no response is appropriate or required. To the extent any response is needed, Defendants admit Plaintiff was placed on administrative leave. Defendants deny all other allegations in Paragraph 7.3.

7.4    Denied.

7.5    Paragraph 7.5 seeks the response to a conclusion of law to which no response is appropriate or required. To the extent Paragraph 7.5 contains further allegations, Defendants deny.

## VIII.  FIFTH AND SIXTH CAUSES OF ACTION:

### RACE DISCRIMINATION & RETALIATION IN VIOLATION OF
### SECTION 1981 & 1983
### (Against Defendants)

8.1    Defendants restate and reallege the answers to paragraphs above as though the same were fully set forth herein.

ANSWER TO COMPLAINT
4:23-cv-05146-SAB                              -15-

PREG O'DONNELL & GILLETT
901 5TH Ave., Suite 3400
Seattle, Washington 98164
(206) 287-1775

8.2     Paragraph 8.2 seeks the response to a conclusion of law to which no response is appropriate or required. To the extent any response is needed it is denied.

8.3     Paragraph 8.3 seeks the response to a conclusion of law to which no response is appropriate or required. To the extent any response is needed it is denied.

8.4     Paragraph 8.4 seeks the response to a conclusion of law to which no response is appropriate or required. To the extent any response is needed it is denied.

8.5     Paragraph 8.5 seeks the response to a conclusion of law to which no response is appropriate or required. To the extent any response is needed it is denied.

8.6     Paragraph 8.6 seeks the response to a conclusion of law to which no response is appropriate or required. To the extent any response is needed it is denied.

8.7.    Paragraph 8.7 seeks the response to a conclusion of law to which no response is appropriate or required. To the extent any response is needed it is denied.

8.8     Paragraph 8.8 seeks the response to a conclusion of law to which no response is appropriate or required. To the extent any response is needed it is denied.

8.9     Paragraph 8.9 seeks the response to a conclusion of law to which no response is appropriate or required. To the extent any response is needed it is denied.

## IX. PRAYER FOR RELIEF

1.      To the extent this section is deemed to constitute factual allegations calling for a response, Defendants deny the same.

## X. AFFIRMATIVE DEFENSES

ANSWER TO COMPLAINT
4:23-cv-05146-SAB                                    -16-

PREG O'DONNELL & GILLETT
901 5TH Ave., Suite 3400
Seattle, Washington 98164
(206) 287-1775

Having answered the Plaintiff's Complaint, Defendants assert the following defenses:

1.    Any allegation set forth in Plaintiffs' Complaint that was not specifically admitted is expressly denied.

2.    Some or all of Plaintiff's claims are barred by the statute of limitations.

3.    Plaintiff has failed to state a claim for which relief can be granted.

4.    The decisions Plaintiff challenges were based on reasonable business factors other than Plaintiff's race, or other claimed protected class.

5.    Plaintiff has failed to state a prima facie case under any of the claims or causes of action she has asserted. In the alternative, assuming Plaintiff has stated a prima facie case, all conduct and actions on the part of the Defendants concerning Plaintiff were wholly based on legitimate, nondiscriminatory, and non-retaliatory reasons.

6.    Plaintiff has failed to mitigate his alleged damages.

7.    The District exercised reasonable care to prevent and/or correct any alleged harassing or disparate treatment or behavior.

8.    Damages, if any, sustained by Plaintiff was proximately caused by persons other than Defendants and Defendants have no legal liability, either direct or vicarious.

ANSWER TO COMPLAINT
4:23-cv-05146-SAB

-17-

PREG O'DONNELL & GILLETT
901 5TH Ave., Suite 3400
Seattle, Washington 98164
(206) 287-1775

9.     Plaintiff's damages, if any, must be separate and distinct from any damage caused by the intentional conduct of others. When the identity of those individuals who may have caused damages through their intentional conduct are known, this defense will be updated through the discovery process.

10.     If Plaintiff was injured or damaged as alleged in the Complaint, or in any manner whatsoever, any injuries or damages were wholly or proximately caused by the negligence, fault, or wrongful conduct of persons or entities over whom Defendants exercised no control, and for whose conduct Defendants had no responsibility for at the time of Plaintiff's alleged injury and to which the fact finder should allocate fault in accordance with RCW 4.22.070.

11.     Defendants specifically reserve the right to amend this pleading to add affirmative defenses, cross claims, counterclaims, and/or third-party complaints if further investigation or discovery is deemed necessary and appropriate.

## **RESERVATIONS**

The above defenses and affirmative defenses are based on the facts currently known to Defendants. Defendants specifically reserves the right to amend this Answer to Plaintiff's Complaint by way of asserting additional affirmative defenses, including comparative fault of other persons and/or entities and/or non-parties at fault, contributory negligence of other persons and/or entities, or by instituting

ANSWER TO COMPLAINT
4:23-cv-05146-SAB                    -18-

PREG O'DONNELL & GILLETT
901 5TH Ave., Suite 3400
Seattle, Washington 98164
(206) 287-1775

counterclaims, cross-claims, and/or third-party claims as additional facts are obtained through further investigation and discovery.

## **PRAYER FOR RELIEF**

WHEREFORE, having fully answered the allegations contained in Plaintiff's Complaint and having asserted affirmative defenses, Defendants pray for relief as follows:

1. Dismissing Plaintiff's Complaint in its entirety with prejudice;

2. That any Judgment against Defendants be reduced by the Plaintiff's and/or any other parties' fault;

3. For an award to Defendants for all attorneys' fees and costs as allowed by law;

4. For any such other and further relief as the Court deems fair, just, and equitable.

Dated this 29th day of November, 2023.


PREG O'DONNELL & GILLETT


   /s/ Emma Gillespie
   /s/ Sarah Beth Jones
Emma Gillespie, WSBA #33255
Sarah Beth Jones, WSBA #59958
Attorneys for Defendant Pasco School District

901 5th Ave., Suite 3400
Seattle, Washington 98164
Phone:    (206) 287-1775
Email:    egillespie@pregodonnell.com
Email:    sbjones@pregodonnell.com

ANSWER TO COMPLAINT
4:23-cv-05146-SAB                                      -20-

PREG O'DONNELL & GILLETT
901 5TH Ave., Suite 3400
Seattle, Washington 98164
(206) 287-1775

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

## DECLARATION OF SERVICE

The undersigned declares under penalty of perjury under the laws of the State of Washington that on this day the undersigned caused to be served in the manner indicated below a copy of the foregoing document directed to the following individuals:

**Counsel for Plaintiff Jose Jesus Hernandez:**

Jay C. Free, Esq.

Beth Barrett Bloom

Bloom Law PLLC

3827-C South Edmunds St.,

Seattle, WA 98118

  X    Via Court E-Service or email with recipient's approval

jfree@bloomlawpllc.com

bbloom@bloomlawpllc.com

DATED at Seattle, Washington, this 29th day of November, 2023.

/s/ *Monica Martin*
Monica Martin

ANSWER TO COMPLAINT
4:23-cv-05146-SAB
-21-
PREG O'DONNELL & GILLETT
901 5TH Ave., Suite 3400
Seattle, Washington 98164
(206) 287-1775