The Honorable Stanley A Bastian

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WASHINGTON (RICHLAND)

| | |
|---|---|
| JOSE HERNANDEZ, an individual, <br><br>　　　　　Plaintiff, <br><br>　　v. <br><br>PASCO SCHOOL DISTRICT NO. 1, a municipal school district, and MICHELLE WHITNEY, an individual, and her marital community, <br><br>　　　　　Defendants. | 4:23-cv-05146-SAB <br>**JOINT STATUS REPORT** |

Under Federal Rule of Civil Procedure 26(f) and the Notice Setting Scheduling Conference (Dkt. No. 7), counsel for the above-captioned parties conferred by phone on December 28, 2023, and by email, and file this Joint Status Report:

1. **Whether service is complete and, if not, the expected date of completion.**
   The parties agree that service has been completed.

2. **Whether jurisdiction, venue, and standing are proper.**
   The parties agree that jurisdiction, venue, and standing are proper.

---

JOINT STATUS REPORT
[NO. 4:23-CV-05146-SAB] - 1

93865937v.2

**BLOOM LAW PLLC**
ATTORNEYS AT LAW
3827-C S Edmunds St
Seattle, Washington 98118
Phone: (206) 323-0409

3. **Whether the parties consent for this matter to be tried before a magistrate judge.**
   The parties do not consent for this matter to be tried before a magistrate judge.

4. **The nature and basis of their claims (brief summary).**
   Plaintiff Jose Hernandez alleges that his employer, Defendant Pasco School District No. 1, subjected him to a hostile work environment based on his race. Plaintiff further alleges that Defendants discriminated against him because of his race and retaliated against him for reporting what he reasonably believed could be race discrimination, including by transferring him to a less desirable job. Plaintiff brings these claims for hostile work environment, retaliation, and race discrimination under the Washington Law Against Discrimination and 42 U.S.C. Sections 1981 and 1983.

   Defendants deny that Plaintiff was subjected to a hostile work environment. Defendants deny that Plaintiff was discriminated against or retaliated against on any basis.

5. **A preferred trial date and estimated length of trial.**
   The parties propose an April 2025 trial. The parties estimate a three-week trial.

6. **Anticipated motions.**
   Uncertain at this time. The anticipated motions will depend on discovery and other events not yet completed.

7. **Arrangement for the disclosures required under Fed. R. Civ. P. 26(a)(1).**
   The parties will serve the initial disclosures required by Fed. R. Civ. P. 26(a)(1) by January 18, 2024.

8. **Proposed Discovery Plan, as discussed in FRCP 26(f)(3)**
   (A) Initial disclosures;

   *Supra.*

   (B) **Subjects, timing, and potential phasing of discovery;**
   The subjects of discovery may include the factual allegations in Plaintiff's

JOINT STATUS REPORT
[NO. 4:23-CV-05146-SAB] - 2

BLOOM LAW PLLC
ATTORNEYS AT LAW
3827-C S EDMUNDS ST
SEATTLE, WASHINGTON 98118

Complaint; whether Defendant Pasco School District No. 1 subjected Plaintiff to a hostile work environment based on race; Defendants' alleged prompt and effective remedial action; Plaintiff's job qualifications and performance, including the reason(s) for Plaintiff's transfer to a different job; and the nature and extent of Plaintiff's damages (including emotional harm and reputational loss). The parties may issue subpoenas. Defendants will seek an independent medical and/or psychological examination of Plaintiff and access to Plaintiff's prior medical and counseling records.

The parties do not propose any changes to the subjects or timing of discovery. The parties will adhere to the proportionality standard set forth in Fed. R. Civ P. 26(b)(1) with reasonably targeted, clear, and as specific as possible discovery requests.

The parties agree that discovery should not be conducted in phases or be limited to or focused on particular issues.

**(C) Any issues about discovery or ESI;**
The parties have reached an Agreement Regarding Discovery of Electronically Stored Information that is modelled on the Model ESI Agreement offered by U.S. District Court for the Western District of Washington.

The parties acknowledge their obligation to take reasonable and proportionate steps for preserving relevant and discoverable ESI within their possession, custody, or control.

The parties acknowledge, further, that requests for ESI, and responses to those requests, must be reasonably targeted, clear, and as specific as practicable. The parties have discussed the production of ESI and have not agreed on a specific limit of the scope of production.

Should any dispute concerning ESI arise during the pendency of this matter, the parties have agreed to meet and confer before seeking intervention from the Court.

**(D) Privilege issues;**

JOINT STATUS REPORT
[NO. 4:23-CV-05146-SAB] - 3

BLOOM LAW PLLC
ATTORNEYS AT LAW
3827-C S EDMUNDS ST
SEATTLE, WASHINGTON 98118

The Parties agree that the Court should enter an order that if any party asserts a claim of privilege or other protection, including work product and privacy or confidentiality, the party claiming the protection shall produce– within 30 days of the claim of privilege or other protection, or 30 days before the close of discovery, whichever is sooner – a privilege log or similar document sufficient for the opposing party to evaluate the claimed need for protection. The Parties further agree that the Court should enter an order that the Parties shall then meet and confer in an effort to resolve the issue in a manner that properly balances the need for discovery against the need for protection. The Parties further agree that the Court should enter an order that if a privilege log or like document is not produced within the permitted deadline, the claim for protection is waived, absent good cause shown.

**(E) Changes to discovery limitations imposed under FRCP or other proposed limitations on discovery;**
None at this time.

**(F) The need for any discovery-related orders;**
The parties agree that the Court should enter an order requiring all objections to written discovery be specifically levied against the objectionable request (as opposed to making general objections applicable to all requests), and that all objections must be stated with specificity as required by the FRCP.

The parties further agree that the Court should require all documents produced in discovery to be labeled with Bates Numbers.

The parties further agree that the Court should require all documents that are produced in discovery to be specifically referenced by Bates Number in each written discovery response to which particular documents are responsive.

The parties also agree that the Court should enter an order requiring the parties to give notice no later than 30 days after production, or 30 days before the close of discovery, whichever is sooner, if there is any challenge (including the reasons for the challenge) to the authenticity of the produced documents, and that barring such notice, all documents produced by the parties are deemed authentic for the purposes of use at

JOINT STATUS REPORT
[NO. 4:23-CV-05146-SAB] - 4

BLOOM LAW PLLC
ATTORNEYS AT LAW
3827-C S EDMUNDS ST
SEATTLE, WASHINGTON 98118

trial. The parties further agree that the Court should require any objection to the authenticity of documents produced in the litigation by third parties is presumed to be authentic for purposes of trial, unless a party objects to the authenticity of those documents within 60 days of receiving them.

The parties agree to produce all discovery documents electronically unless otherwise agreed.

The parties agree that the foregoing will reduce the likelihood of discovery disputes and the need for Court intervention, and that it will lead to a more efficient litigation.

9. **Class Certification**
   Class certification is not alleged.

10. **Involvement of a minor or incompetent.**
    This case does not involve the beneficial interest claim of a minor or incompetent.

11. **The appropriateness of special procedures.**
    None at this time.

12. **Modification of the standard procedures.**
    None at this time.

13. **Feasibility of bifurcation, or otherwise structuring sequence of the trial.**
    Not at this time.

14. **Whether there will be a point in the litigation when the parties can conduct meaningful settlement discussions or participate in ADR.**
    The parties intend to, in good faith, discuss settlement and explore ADR.

15. **Identification of any issues that should be certified to the state Supreme Court.**
    None at this time.

JOINT STATUS REPORT
[NO. 4:23-CV-05146-SAB] - 5

**BLOOM LAW PLLC**
ATTORNEYS AT LAW
3827-C S EDMUNDS ST
SEATTLE, WASHINGTON 98118

**16. Any other matters which may be conducive to the just, efficient, and economic determination of the action or proceeding.**
None at this time.

**17. Changes to the deadlines in the Notice Setting Scheduling Conference (Dkt. 7 at Section C.4).**
None at this time.

Signed this 4th day of January, 2024.

BLOOM LAW PLLC

By: /s/ *Jay Corker Free*
Beth Bloom, WSBA #31702
Jay Corker Free, WSBA #51393
3827-C South Edmunds Street
Seattle, WA 98118
Phone:   (206) 323-0409
Email:    bbloom@bloomlawpllc.com
          jfree@bloomlawpllc.com
*Counsel for Plaintiff*

PREG, O'DONNELL & GILLETT

By: /s/ Sarah Beth Jones
Emma Gillespie, WSBA #33255
Sarah Beth Jones, WSBA #59958
Ronald Boy, WSBA 38200
901 5th Ave., Suite 3400
Seattle, Washington 98164
Phone: (206) 287-1775
Email: egillespie@pregodonnell.com
Email: sbjones@pregodonnell.com
Email: rboy@pregodonnell.com
*Counsel for Defendants*

JOINT STATUS REPORT
[NO. 4:23-CV-05146-SAB] - 6

**BLOOM LAW PLLC**
ATTORNEYS AT LAW
3827-C S EDMUNDS ST
SEATTLE, WASHINGTON 98118