Bloom Law PLLC
Jay Corker Free, WSBA #51393
Attorneys for Plaintiff Jose Hernandez
3827-C South Edmunds St.
Seattle, Washington 98118
Phone: (206) 323-0409

UNITED STATES DISTRICT COURT
EASTERN DISCTRICT OF WASHINGTON (RICHLAND)

| | |
|---|---|
| JOSE HERNANDEZ, an individual,<br><br>       Plaintiff,<br><br> v.<br><br>PASCO SCHOOL DISTRICT NO. 1, a municipal school district, and MICHELLE WHITNEY, an individual, and her marital community.<br><br>       Defendants. | No. 4:23-cv-05146-SAB<br><br>**PLAINTIFF'S MOTION TO COMPEL**<br><br>5/30/2024 (without Oral Argument) |

## I. INTRODUCTION

Plaintiff Jose Hernandez is litigating civil rights claims against his employer, Defendant Pasco School District No. 1 ("PSD"), for hostile work environment and retaliation. He brings this related Motion to Compel against PSD for three reasons.

***First***, Plaintiff served interrogatories almost four months ago, but PSD has completely failed to respond to most, despite interposing no meaningful objections. ***Second***, Defendant has apparently failed to engage in a reasonable search for

PLAINTIFF'S MOTION TO COMPEL

-1-

BLOOM LAW PLLC
ATTORNEYS AT LAW
3827-C S EDMUNDS ST
SEATTLE, WASHINGTON 98118
PHONE: (206) 323-0409

responsive information. **Third**, Defendant has repeatedly failed to comply with the Parties' Agreement Regarding the Discovery of Electronically Stored Information.

A full and public airing of the serious issues raised by Plaintiff's Complaint requires Defendant to take their discovery obligations seriously. To date, they are failing to do so. To ensure that Defendant fulfills its discovery obligations going forward, the Court should grant the Motion, including awarding costs and fees to Plaintiff.

## II.    CASE BACKGROUND

On October 23, 2023, Mr. Hernandez brought claims against PSD for hostile work environment and retaliation, as well as a retaliation claim against PSD superintendent Michelle Whitney. ECF No. 1 (Complaint). Plaintiff alleged that, throughout his exemplary nine-year tenure as PSD Transportation Director from 2012 to 2021, numerous District employees and supervisors subjected him to a racially hostile work environment, including racist slurs and hateful statements such as "wetback," "spic," "beaner," "go back to Mexico," "fucking Mexican," and much more, including hateful graffiti like "Jose H. Little Dick" on school grounds. *See generally* ECF No. 1.

Mr. Hernandez alleges that he regularly and repeatedly reported this ongoing racial harassment towards him and others to PSD leadership, but that PSD repeatedly failed to take prompt and effective remedial action. *See generally, id.* For example, Mr. Hernandez reported to his supervisor that employees slid anonymous notes under his

PLAINTIFF'S MOTION TO COMPEL

-2-

**BLOOM LAW PLLC**
ATTORNEYS AT LAW
3827-C S EDMUNDS ST
SEATTLE, WASHINGTON 98118
PHONE: (206) 323-0409

office door with remarks such as "wetback"—but PSD never investigated or took action. *Id.,* ¶ 1.4.

Eventually, PSD tired of Mr. Hernandez repeatedly advocating for an equal work environment free of racial abuse, the Complaint alleges. PSD, including Superintendent Whitney and Assistant Superintendent Sara Thorton, began a retaliatory campaign against Mr. Hernandez, eventually removing him from his position. *Id.,* ¶ 1.7-1.14. Accordingly, Mr. Hernandez brings his civil rights claims. Trial is set for April 2025.

### III.  MATERIAL FACTS

Plaintiff details the facts underlying each issue in the analysis section below.

### IV.  MEET AND CONFER CERTIFICATION

Plaintiff certifies that the parties met and conferred regarding the issues raised herein, including on February 29 and April 5 and via correspondence.

### V.  AUTHORITY AND ANALYSIS

**A.  Plaintiff served interrogatories almost four months ago. But, despite repeated prompting, Defendant has not responded to Interrogatories 6, 7, 8, 9, 10, 11, 12, 13, 14, 16, and 18. The Court should compel a response.**

Unless otherwise ordered, Rule 33(b)(2) requires a responding party to "serve its answers and any objections within 30 days after being served with the interrogatories." Fed. R. Civ. P. 33(b)(2); *Barlow v. Herman*, 2:13-CV-00033-JAD, 2014 WL 60213, at *2 (D. Nev. Jan. 6, 2014). According to District Court opinions, "in evaluating whether to excuse the failure to provide timely responses, the Court must determine whether there is good cause for the failure." *Id.* "Generally speaking, analysis of whether there is good

PLAINTIFF'S MOTION TO COMPEL

-3-

BLOOM LAW PLLC
ATTORNEYS AT LAW
3827-C S EDMUNDS ST
SEATTLE, WASHINGTON 98118
PHONE: (206) 323-0409

cause centers on the diligence of the [responding party]." *Id.* A party "may not object to providing discovery responses because they do not yet have all of the information . . .." *JL through Thompson v. New Mexico Dep't of Health*, 12CV1145 MV/LAM, 2014 WL 12798278, at *2 (D.N.M. Jan. 7, 2014).

Here, the record shows that Defendant has not been diligent and has repeatedly ignored its discovery obligations, despite repeated prompting from Plaintiff. Plaintiff served his First Set of Interrogatories and Requests for Production on January 3, 2024. Declaration of Jay Corker Free in Support of Motion to Compel ("Free Dec."), ¶ 2. On February 20, 2024, Defendant served its Answers, Responses, and Objections ("Responses"). *Id.*, ¶ 3, Ex. A. Defendant answered Interrogatory Nos. 6, 7, 8, 9, 10, 11, 12, 13, 14, 16, and 18 only by indicating **"Defendants will supplement this response in accordance with the Civil Rules."** *Id.*, Ex. A at pgs. 3 to 16 (containing Defendant's highlighted answers).

These unanswered interrogatories go to the heart of Plaintiff's case. For example, Defendant refuses to identify "all written policies . . . related to harassment . . . that were applicable to . . . Transportation Department employees during Plaintiff's tenure." *Id.,* Interrogatory No. 11. Additionally, Defendant refuses to identify the "remedial or corrective action PSD took, as a result of [its] January 31, 2020 Investigation Report entitled 'Investigation of Complaints by Jose Hernandez, to remedy possible discrimination or harassment." *Id.,* Interrogatory No. 14.

PLAINTIFF'S MOTION TO COMPEL

-4-

BLOOM LAW PLLC
ATTORNEYS AT LAW
3827-C S EDMUNDS ST
SEATTLE, WASHINGTON 98118
PHONE: (206) 323-0409

On February 22, 2024, Plaintiff emailed Defendant requesting that it answer those outstanding interrogatories and meet and confer regarding the same. *Id.,* Ex. B (February 22, 2024 email from Plaintiff's counsel to Defense counsel). During the parties' February 29, 2024 meet and confer, Defense counsel indicated that Defendant was working on supplementing those interrogatories. *Id.*, ¶ 5.

On March 27, 2024, Plaintiff's counsel emailed Defense counsel that "Defendant has—even now—completely failed to respond to the vast majority of the discovery requests, including Rog Nos. 6, 7, 8, 9, 10, 11, 12, 13, 14, 16, and 18." *Id.,* Ex. C. On April 5, 2024, the parties conducted a meet and confer regarding the issues raised in that email. *Id.*, ¶ 7.

On April 11, 2024, Plaintiff's counsel sent Defense counsel a letter "respectfully request[ing] that, within 10 calendar days of this letter, Defendant answer Rog Nos. 6, 7, 8, 9, 10, 11, 12, 13, 14, 16, and 18. If Defendant does not supplement within the time requested, Plaintiff currently intends to bring a Motion to Compel." *Id.,* Ex. D.

Defendant did not respond. *Id.,* ¶ 9. Accordingly, on April 24, 2024, Plaintiff's counsel emailed Defense counsel demanding that Defense counsel supplement by April 25. *Id.,* ¶ 9, Ex. E.

On April 25, 2024, Defense counsel wrote to Plaintiff's counsel. They partially supplemented three Requests for Production, but still failed to answer a single interrogatory or explain their failure to do so. Instead, in that letter they disclosed, for

PLAINTIFF'S MOTION TO COMPEL

-5-

BLOOM LAW PLLC
ATTORNEYS AT LAW
3827-C S EDMUNDS ST
SEATTLE, WASHINGTON 98118
PHONE: (206) 323-0409

the first time that, for "months," PSD had been experiencing a "severe technical issue" that hindered their ability to search their email archives for electronically stored information ("ESI"). *Id.,* Ex. F.

But, as Plaintiff had indicated in its April 11 letter, searching for ESI is "only a small part of Defendant's duty to conduct a reasonable search for responsive information." In that letter, Plaintiff's counsel had requested that Defendant identify the steps it took to respond to Plaintiff's discovery requests "with sufficient specificity to allow Plaintiff to determine whether Defendant has made a reasonable inquiry and exercised due diligence," as required by the Civil Rules. *See Atcherley v. Clark*, 2014 WL 4660842, at *1 (E.D. Cal. 2014) ( "allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence"). Plaintiff also requested that Defendant confirm that they have contacted the relevant custodians and asked them to provide defense counsel with responsive information and documents. Free Dec., Ex. D (April 11, 2024 letter).

But Defendant's April 25, 2024 letter failed to confirm that they had contacted the relevant custodians or taken adequate steps to respond to Plaintiff's discovery requests. Instead, PSD merely indicated that they were searching paper files and working on fixing their technical issue. *See id.,* Ex. F. **Today, Defendant still has not responded to Interrogatory Nos. 6, 7, 8, 9, 10, 11, 12, 13, 14, 16, and 18, other than**

PLAINTIFF'S MOTION TO COMPEL

-6-

BLOOM LAW PLLC
ATTORNEYS AT LAW
3827-C S EDMUNDS ST
SEATTLE, WASHINGTON 98118
PHONE: (206) 323-0409

***indicating something to the effect of "Defendants will supplement this response in accordance with the Civil Rules" in response to each***.

Accordingly, on April 29, Plaintiff again detailed Defendant's discovery failings to date in a letter to Defendant. Free Dec, Ex. G.

If Defendant had acted diligently and reasonably, including by contacting the relevant custodians, it could and would have answered long ago. To the extent that it would need to supplement its interrogatory answers further based on additional searches of ESI, the Rules allow it to do so. But Plaintiff is unable to move forward with critical discovery, including depositions, because of Defendant's discovery deficiencies. **Accordingly, the Court should compel Defendant to substantively and fully answer Interrogatory Nos. 6, 7, 8, 9, 10, 11, 12, 13, 14, 16, and 18 within 5 days of its Order**. This is necessary to protect the Court's scheduling order.

**B. The Court should compel Defendant to identify the steps it has taken to respond to discovery to date**.

Plaintiff's Interrogatory No. 1 requests that Defendant identify "the steps you took to respond to these discovery requests . . .." Free Dec., Ex. A, pg. 2. According to District Court opinions, courts will permit discovery into another party's discovery process "where there is some indication that a party's discovery has been insufficient or deficient." *Jensen v. BMW of N. Am., LLC*, 328 F.R.D. 557, 566 (S.D. Cal. 2019).

Here, the record detailed in the preceding section evinces that Defendant has failed to produce responsive information over a nearly four-month period despite

PLAINTIFF'S MOTION TO COMPEL

-7-

BLOOM LAW PLLC
ATTORNEYS AT LAW
3827-C S EDMUNDS ST
SEATTLE, WASHINGTON 98118
PHONE: (206) 323-0409

repeated urging by Plaintiff. This raises a reasonable concern that that Defendant is failing to conduct a reasonable factual inquiry when preparing its discovery responses, conduct that is sanctionable under Rule 26. *Nat'l Ass'n of Radiation Survivors v. Turnage*, 115 F.R.D. 543, 555 (N.D. Cal. 1987). That concern is only crystallized by Defendant refusing to confirm whether it has contacted the relevant custodians to obtain responsive information and its vague assertion it is searching paper files. *Supra.* Accordingly, the Court should order Defendant to supplement its answer to Interrogatory No. 1 to fully identify its discovery searches to date, with sufficient specificity to allow Plaintiff and the Court to determine whether Defendant has made a reasonable inquiry and exercised due diligence in responding to discovery. *See Atcherley, supra.* If Defendant fails to exercise adequate diligence in the future, the Court should issue more severe sanctions.

**C. The Court should order Defendant to comply with the parties' Agreement regarding Electronically Stored Information.**

The District has repeatedly failed to comply with the parties' Agreement Regarding Discovery of Electronically Stored Information ("Agreement"). Free Dec., Ex. H (the Agreement). That Agreement requires the producing party to "timely disclose . . . search terms and queries . . . and any other methodology that it proposes to use to locate ESI likely to contain responsive and discoverable information." Agreement, Section C.2.a.i. Once the producing party meets that obligation, the

PLAINTIFF'S MOTION TO COMPEL

-8-

BLOOM LAW PLLC
ATTORNEYS AT LAW
3827-C S EDMUNDS ST
SEATTLE, WASHINGTON 98118
PHONE: (206) 323-0409

Agreement requires the parties to "timely engage in a meet and confer process regarding additional [search] terms." Agreement, Section C.2.a.ii.

Plaintiff repeatedly urged Defendant to comply with these terms. *See, e.g.,* Free Dec. Exs. B, C, D, E. But only on April 5, 2024—three months after Plaintiff served his First Set of Interrogatories and Requests for Production—did Defendant finally produce its long-overdue proposed search parameters. On April 11, 2024, Plaintiff proposed alternative search terms to more accurately target the available ESI through targeted, clear, and specific search queries. *Supra.* For example, Defendant's overbroad parameters for RFP No. 4 resulted in over 1 million hits of ESI, according to Defendant.

Plaintiff's April 11 letter requested that, as part of the meet and confer process required under the Agreement, Defendant either (a) confirm that Plaintiff's proposed search query modifications were acceptable or, in the alternative, (b) propose additional revisions to the ESI search queries. Free Dec., Ex. D. During a meet and confer, Defense counsel committed to responding to that portion of the letter by no later than April 22, 2024. Free Dec., ¶ 7.

But Defendant's April 25 letter ignored those search parameters. This record of delay shows that Defendant is not approaching its discovery obligations with sufficient seriousness and diligence. Accordingly, Plaintiff requests that the Court compel Defendant to, going forward, strictly comply with the Agreement, including the

PLAINTIFF'S MOTION TO COMPEL

-9-

BLOOM LAW PLLC
ATTORNEYS AT LAW
3827-C S EDMUNDS ST
SEATTLE, WASHINGTON 98118
PHONE: (206) 323-0409

requirement to timely meet and confer regarding search parameters. Failure to do so in the future should be accompanied by more severe sanctions.

### D. The Court should award Plaintiff costs and fees.

Federal Rule of Civil Procedure 37(a)(5)(A) provides that if the court grants a motion to compel discovery it "must" order the non-moving party to pay the moving party's reasonable expenses incurred, including attorneys' fees. There are only a few "narrow" exceptions to this rule, such as where the failure to respond was substantially justified. *See* Local Civil Rule 37. Defendant's delays and obfuscations are not justified. An award of costs and fees is necessary to compensate Plaintiff, a public employee, for the expense and time incurred urging Defendant to meet its obligations. If Defendant is not sanctioned, it will be encouraged to engage in this behavior in the future.

## VI.   CONCLUSION

The Court should grant the Motion for the reasons detailed above.

Dated this 30th day of April, 2024.

BLOOM LAW PLLC

 */s/ Jay Corker Free*
Beth Barrett Bloom, WSBA #31702
Jay Corker Free, WSBA #51393
Attorneys for Plaintiff Jose Hernandez
3827-C South Edmunds St.

PLAINTIFF'S MOTION TO COMPEL

-10-

BLOOM LAW PLLC
ATTORNEYS AT LAW
3827-C S EDMUNDS ST
SEATTLE, WASHINGTON 98118
PHONE: (206) 323-0409

|  |  |
|---|---|
| 1 | Seattle, Washington 98118 |
| 2 | Phone: (206) 323-0409 |
|   | Email:    bbloom@bloomlawpllc.com |
| 3 | Email:    jfree@bloomlawpllc.com |

PLAINTIFF'S MOTION TO COMPEL

-11-

**BLOOM LAW PLLC**
ATTORNEYS AT LAW
3827-C S EDMUNDS ST
SEATTLE, WASHINGTON 98118
PHONE: (206) 323-0409