PREG O'DONNELL & GILLETT
901 5th Ave., Suite 3400
Seattle, WA 98164
(206) 287-1775

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON (RICHLAND)

| | |
|---|---|
| JOSE HERNANDEZ, an individual<br><br>        Plaintiff,<br><br>v.<br><br>PASCO SCHOOL DISTRICT NO. 1, a municipal school district, and MICHELLE WHITNEY, an individual, and her marital community.<br><br>        Defendants. | NO. 4:23-cv-05146-SAB<br><br>DEFENDANT PASCO SCHOOL DISTRICT NO. 1 AND MICHELLE WHITNEY'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL<br><br>Noted for Hearing: 05/30/2024<br>Without Oral Argument |

  Defendants Pasco School District and Michelle Whitney ("Defendants") firmly dispute the allegations and arguments presented by Plaintiff Jose Hernandez ("Plaintiff") in their Motion to Compel. Plaintiff's Motion is unnecessary: the Defendants' counsel is working diligently to provide supplemental responses to their initial disclosures and although there was a delay in their responses to Plaintiff's discovery requests, it was largely due to a technical issue with Pasco School District's email archiving software platform that now appears to be resolved.

### I. RELEVANT BACKGROUND

DEFENDANT PASCO SCHOOL DISTRICT NO. 1 AND MICHELLE WHITNEY'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL - 1
e05769-1660  5958457.docx
NO. 4:23-cv-05146-SAB

PREG O'DONNELL & GILLETT PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON 98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

The Defendants acknowledge that their responses to Plaintiff's discovery requests have been delayed. However, the delay has been caused by ongoing issues with the email archiving system used by Pasco School District ("District") and not the result of an intention to delay or withhold requested information. The Defendants have been acting in good faith with a desire to respond to Plaintiff's discovery requests in a timely manner and their intentions were thwarted by technology issues that have only recently been mostly resolved.

In September 2023, the District learned that their email archiving platform DataCove was nearing storage capacity and contacted the platform's producer, Tangent, about possible solutions. (Thornton Decl. ¶ 3.) The District determined the best solution was to move to a DataCove product with larger storage capacity which required migrating all archived data from the old product to the new. The migration process began on October 16, 2023. (Thornton Decl. ¶ 4.)

By January 5, 2024, Tangent informed the District that 56,640,000 of a total 80,350,000 individual emails had been transferred from the old DataCove platform to the new platform, constituting a rate of 699,000 emails per day. (Thornton Decl. ¶ 6.) Then, on February 14, 2024, Tangent reported to the District that the migration of email data from the old DataCove platform to the new was completed. (Thornton Decl. ¶ 7.)

After the delay caused by the data migration, the District observed and reported to Tangent on February 29, 2024, that DataCove's search performance was inconsistent, and searches were getting stuck on a "Retrieving Results" page. (Thornton Decl. ¶ 8.) After failed attempts to fully resolve the issue, the District's

DEFENDANT PASCO SCHOOL DISTRICT NO. 1 AND MICHELLE WHITNEY'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL - 2
e05769-1660 5958457.docx
NO. 4:23-cv-05146-SAB

PREG O'DONNELL & GILLETT PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON 98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

Public Records Officer reported on March 29, 2024, that no search on the DataCove platform had completed successfully in the past week. (Thornton Decl. ¶ 9.)

In response to this report, the District informed Tangent, and they worked together over the month of April to fix the issues the District was experiencing when searching for archived emails. (Thornton Decl. ¶ 10.) Work included Tangent migrating the District's DataCove to a newer host and assigning eight additional computing cores. *Id*. Throughout the process, the District continued to experience a failure of the archiving platform to search for and retrieve responsive emails. *Id.* However, as of May 1, 2024, the new DataCove platform has been operating more typically, but Tangent has been unable to identify the root cause of the performance degradation experienced by the District. (Thornton Decl. ¶ 11.)

Due to the aforementioned technology issues, the District has been unable to locate the records requested by the Plaintiff and run the searches as agreed to and guided by the ESI agreement. Although the District was prevented from locating responsive records electronically for Plaintiff's discovery requests, they did conduct searches of physical documents to fulfill its discovery obligations. These physical searches included searching through numerous filing cabinets and hundreds of banker's boxes housed in storage containers. While not as efficient as using technology to find responsive documents, the searches did locate records which will be provided to the plaintiff in response to their requests.

When counsel for the Defendants learned of the District's technology issues, they promptly informed counsel for the Plaintiff. (*See* Exhibit A.) On May 7, 2024, the Defendant's counsel provided Plaintiff's counsel a letter detailing the situation

DEFENDANT PASCO SCHOOL DISTRICT NO. 1 AND MICHELLE WHITNEY'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL - 3
e05769-1660 5958457.docx
NO. 4:23-cv-05146-SAB

**PREG O'DONNELL & GILLETT PLLC**
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON 98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

accompanied by a detailed timeline of the DataCove email archiving system update, data migration, and attempts to repair the identified issues. (Exhibit A.)

## II. ISSUES PRESENTED

1. Should Plaintiff's Motion to Compel be denied because the Defendants' explanation shows that there was no intention on their part to withhold or delay their discovery responses under Federal Rule of Civil Procedure Rule 26?

YES.

2. If the Plaintiff's motion compel is granted, should the Court award Plaintiff costs and fees in consideration of the valid justification for the Defendants' delay?

NO.

## III. EVIDENCE RELIED UPON

In support of their Opposition, the Defendants rely upon the Declaration of Sarah Thornton and the files and pleadings on record with the Court.

## IV. AUTHORITY

a. <u>Plaintiff's motion is premature and unnecessary as the recent resolution of the District's technology issues will allow the Defendants to respond to Plaintiff's discovery requests in a timely manner going forward.</u>

DEFENDANT PASCO SCHOOL DISTRICT NO. 1 AND MICHELLE WHITNEY'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL - 4
e05769-1660  5958457.docx
NO. 4:23-cv-05146-SAB

PREG O'DONNELL & GILLETT PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON 98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

  The Defendants agree that the Plaintiff has the right to obtain discovery regarding any nonprivileged information that is relevant to any claim or defense in their case. Fed. R. Civ. P. 26(b)(1). The parties held a meet and confer and came to agreements regarding the scope of discovery searches which the Defendants are following in good faith. The issue here is only a delay caused by issues with technology and not due to a dispute or a lack of intent to respond. A court order compelling discovery is only appropriate upon the movant's showing the parties reached an impasse on a substantive issue. See *Beasley v. State Farm Mut. Auto. Ins. Co.*, 2014 WL 1268709, at *3 (W.D. Wash. Mar. 25, 2014); *Branch Banking & Tr. Co. v. Pebble Creek Plaza, LLC*, 2013 WL 12176465, at *1 (D. Nev. July 26, 2013) (judicial intervention is appropriate only when "informal negotiations have reached an impasse on the substantive issue in dispute").

  That is not the case here: the parties have not reached an impasse and discovery will progress as required under Rule 26 without judicial intervention. Defendants were delayed in providing discovery responses due to serious issues with the District's email archiving platform DataCove. Now that the platform's performance issues are largely resolved, the Defendants' discovery productions will be timely. (*See* Thornton Decl. ¶ 11.)

  The Defendants acknowledge their delay in response to Plaintiff's first set of interrogatories and requests for production would cause a reasonable person to question whether they were acting in good faith or purposely delaying and/or withholding. Defendants, however, were acting in good faith and diligently working to resolve the technical issues they were experiencing and at the same time conducting manual searches of physical records in order to produce records

DEFENDANT PASCO SCHOOL DISTRICT NO. 1 AND MICHELLE WHITNEY'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL - 5
e05769-1660 5958457.docx
NO. 4:23-cv-05146-SAB

PREG O'DONNELL & GILLETT PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON 98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

responsive to the Plaintiff's requests. (Thornton Decl. ¶ 12.) These efforts included searched filing cabinets in the human resources department and hundreds of banker's boxes kept in cargo containers on the district property housing the district's transportation department and school buses. *Id.*

This technological issue not only impacted the Defendants' ability to produce documents responsive to the Plaintiff's requests for production, but also impeded their ability to gather information needed to respond to the Plaintiff's interrogatories. Now that the District believes the issues with their email archiving system are largely resolved, Plaintiff's motion to compel is unnecessary as Defendants will be able to access the electronic data needed to respond to Plaintiff's discovery requests.

    b. <u>Defendants have been acting in good faith to respond to Plaintiff's discovery requests and the technology issues experienced by the District provide justification for their delay in response</u>.

Federal Rule of Civil Procedure 37(a)(5)(A)(ii) states the Court must not award costs and fees when the opposing party's nondisclosure was substantially justified. Here, the District's technology issues with their email archiving software platform DataCove explains their delay in responding to Plaintiff's discovery requests. Now that the issues with the email archiving platform have been largely resolved, the Defendants expect to supplement their discovery responses in a timely manner. (*See* Thornton Decl. ¶ 11.) Because Defendants' nondisclosure is substantially justified, an award of costs and fees would not be appropriate under Rule 37 in the event the Plaintiff's motion to compel is granted.

### V. CONCLUSION

DEFENDANT PASCO SCHOOL DISTRICT NO. 1 AND MICHELLE WHITNEY'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL - 6
e05769-1660 5958457.docx
NO. 4:23-cv-05146-SAB

**PREG O'DONNELL & GILLETT PLLC**
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON 98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

Contrary to the assertions made by Plaintiff, Defendants engaged in a good-faith approach to the discovery process. In this situation, had Plaintiff let the discovery process play out, and had Plaintiff given the Defendants a reasonable amount of time to supplement their responses following resolution of the District's technology issues, this motion would be moot. For these reasons, the Defendants respectfully request that the Court DENY Plaintiff's Motion to Compel Discovery and any request for fees.

DATED this 14TH day of May, 2024.

PREG O'DONNELL & GILLETT PLLC

*/s/ Emma Gillespie*

Emma Gillespie, WSBA #33255
Ronald D. Boy, WSBA #38200
Sarah Beth Jones, WSBA #59958
Attorneys for Defendants Pasco School District No. 1, and Michelle Whitney
901 5TH Ave., Suite 3400
Seattle, Washington 98164
Phone: (206)287-1775
Email: egillespie@pregodonnell.com
Email: sbjones@pregodonnell.com
Email: rboy@pregodonnell.com

DEFENDANT PASCO SCHOOL DISTRICT NO. 1 AND MICHELLE WHITNEY'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL - 7
e05769-1660  5958457.docx
NO. 4:23-cv-05146-SAB

PREG O'DONNELL & GILLETT PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON 98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113